IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                           No. CR S-01-0026 JAM GGH P

    vs.

BRIAN K. THOMPSON,

    Movant.                               FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Movant is a federal prisoner proceeding through counsel with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 filed March 19, 2008. Following a jury trial in 2003, movant was found guilty of two counts of mail fraud (18 U.S.C. § 1341) and two counts of obstruction of justice (18 U.S.C. § 1503). The jury did not reach verdicts on two other mail fraud counts and a count for conspiracy to launder a monetary instrument (18 U.S.C. 1956(h)). Following a second trial in 2004, movant was found guilty of those charges.

        The instant motion raises one claim: ineffective assistance of counsel during the second trial. Respondent filed a response on November 19, 2008. Movant did not file a reply.

        After carefully reviewing the record, the court recommends that the motion be denied.

II. Discussion

    A. Factual Background

Attached to respondent's response as exhibit A is the Statement of Facts taken from the government's brief to the Ninth Circuit Court of Appeals. Because movant has not objected to this factual summary, the court adopts it for purposes of these findings and recommendations. Because the factual summary is lengthy (22 pages) the court will take judicial notice of it rather than repeat it here.

    B. Legal Standard for Ineffective Assistance of Counsel

The test for demonstrating ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2065. To this end, the petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690, 104 S. Ct. at 2066. The federal court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id., 104 S. Ct. at 2066. "We strongly presume that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland at 466 U.S. at 689, 104 S. Ct. at 2065).

Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693, 104 S. Ct. at 2067. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068.

In extraordinary cases, ineffective assistance of counsel claims are evaluated based on a fundamental fairness standard. Williams v. Taylor , 529 U.S. 362, 391-93, 120 S. Ct.

1495, 1512-13 (2000), (citing <u>Lockhart v. Fretwell</u>, 113 S. Ct. 838, 506 U.S. 364 (1993)).

    C.  <u>Analysis</u>

Movant argues that trial counsel was ineffective for failing to object to the introduction of "certain documents" by the government that related to his prior conviction. Movant argues that by failing to object, counsel paved the way for the government to ask him under cross-examination specific questions about the documents, the effect of which was to permit the government to introduce impermissible evidence of movant's bad character and criminal propensities.

In the pending motion, movant does not identify the documents counsel failed to object to. In the response, respondent presumes that movant is referring to trial exhibits 20 (copies of two checks), 59 (letter to Michael Flood) and 61 (independent contractor agreement). Copies of these exhibits are attached to respondent's response as exhibit B. Because movant has not objected to respondent's identification of these three exhibits, the court will also presume that these are the documents he is referring to.

On direct examination, trial counsel questioned movant regarding his prior convictions for mail fraud involving the "Allstate scheme":

> Q: Now, based on your being involved with Skillz, you know Nnamdi Le Blanc, is that correct?
> A: Yes, I do.
> Q: And he was one of your coaches. He testified earlier.
> A: Nnamdi is actually related to my by marriage.
> Q: He was in an automobile accident, I believe, sometime in 1999, is that correct?
> A: I believe so.
> Q: And he was off work?
> A: Yes, he was.
> Q: All right. He had employment elsewhere, however, did he not?
> A: I believe he did, yes.
> Q: And he filed a claim with Allstate. Do you know that?
> A: Yes, I do.
> Q: As a result of that claim, he and you agreed to represent to Allstate that he was working for you, isn't that true?
> A: Yes, I did.
> Q: And you in fact represented that he was earning $19 an hour and he had lost wages?
> A: Correct.

| | |
|---|---|
| 1 | Q: And he filed a claim then indicating that he had lost wages, and you supported that with documentation indicating hours that he had lost from working with you? |
| 2 | A: Correct. |
| | Q: And that wasn't true, is that true? |
| 3 | A: No, it wasn't. |
| | Q: All right. And as a result of that, you were convicted of that representation, |
| 4 | were you not? |
| | A: Yes, I was. |
| 5 | |
| 6 | Respondent's Exhibit D, pp. 755-756. |
| 7 | On cross-examination, the prosecutor asked movant the following questions |
| 8 | regarding his "Allstate scheme" convictions: |
| 9 | Q: Now, in the last year you suffered four felony convictions? |
| | A: Yes, sir. |
| 10 | Q: Two mail fraud convictions in connection with your Allstate mail fraud scheme? |
| 11 | A: Correct. |
| | Q: And two obstruction of justice felony convictions, correct? |
| 12 | A: Yes, it is . |
| | Q: Now, in the Allstate fraud scheme that you discussed on direct examination |
| 13 | with Mr. Roque, you submitted a number of fraudulently false documents, correct? |
| 14 | Movant's counsel: Your Honor, I object with regard to going into the details of this. |
| 15 | Court: I'll permit a little leeway. Overruled. |
| | Q: Let me show you Government's 59. This is a backdated–or that's a false |
| 16 | document you submitted in connection with your mail fraud scheme with Allstate, correct. |
| 17 | A: Yes, it is. |
| | Q: Your Honor, we admit 59 to evidence. |
| 18 | Movant's counsel: No objection, Judge. |
| | Court: Admitted. |
| 19 | Q: Now, in this document, which is now Government's 59, you indicate that Mr. Le Blanc had missed a total of 380 hours, and that he made an hourly wage of |
| 20 | 419, and that was a lie? |
| | A: That's what I was convicted of. |
| 21 | Q: That was a lie? Yes or no. |
| | A: That's what I was convicted of. |
| 22 | Q: So that's a lie to Allstate? |
| | A: That's not what I contested in court, but that's what I was convicted of. |
| 23 | Q: That's not my question, Mr. Thompson. That was a lie to Allstate? |
| | A: No, it wasn't. |
| 24 | Q: That's true? You're saying that was true? |
| | A: Yes. |
| 25 | Q: That Nnamdi Le Blanc worked 380 hours and made $19 an hour for you? |
| | A: Yes. |
| 26 | Q: A jury of 12 people found that not to be true, correct? |

A: Yes.
Q: You also stated in this letter to Allstate that Mr. Le Blanc lost wages of over $7000 and that was a lie?
A: That was not a lie.
Q: Once again, a jury of 12 people found that was not true?
A: That's correct.
Q: You also wrote fraudulent checks and sent the carbon copies to Allstate to further this mail fraud scheme, isn't that true?
A: That's not true.
Q: Let me show you Government 20. These are carbon copies that you authored, is that not correct?
A: Yes, I did.
Q: Your Honor, we move that into evidence. Government's 20.
Movant's Counsel: No objection.
Court: All right. Admitted. What number is that, please?
Q: Number 20, Your Honor....A jury already found that you have never paid these checks. That was part of your Allstate fraud conviction, correct?
A: Yes, that's what the jury found.
Q: You also created a false independent contractor's agreement for Nnamdi Le Blanc, isn't that true?
A: May I see that?
Q: Yes,. This is Government's 61.
A: This is the actual agreement, yes.
Q: That too is a fraudulent document?
A: No, it's not. But this is what I was convicted of, yes.
Q: So a jury of 12 people found that was a fraudulent document?
A: Yes.
Q: Okay. We move that into evidence, Your Honor.
Movant's Counsel: No objection.
Court: That's number 61?
Q: Yes, Your Honor.
Court: Admitted.

Respondent's Exhibit D, pp. 812-815.

Movant contends that counsel's failure to object to admission of government exhibits 59, 20 and 61 allowed the government to violate Fed. R. Evid. 609(a), which permits admission of evidence that a witness has been convicted of a crime for impeachment purposes in order to attack the truthfulness of the witness. However, evidence of a prior conviction admitted for impeachment purposes may not include collateral details and circumstances attendant upon the conviction. U.S. v. Rubio, 727 F.2d 786, 797 n. 5 (9th Cir. 1983). Movant argues that counsel should have objected to the prosecutor's cross-examination of him regarding exhibits 59, 20 and 61 because it involved an improper interrogation regarding the details of the prior crime.

5

Movant also argues that counsel's failure to object allowed the government to violate Fed. R. Evid. 404(b), which prohibits evidence of other crimes to show "the character of the person in order to show action in conformity therewith." Rule 404(b) provides that evidence of other crimes is admissible for other purposes such as to show proof of motive, opportunity, etc. Movant argues that the cross-examination violated Rule 404(b) because it was designed merely to establish that he had "bad character" and the propensity to commit criminal acts.

On direct appeal, movant argued that the prosecutor impermissibly questioned him regarding the details of his prior conviction. The Ninth Circuit rejected this claim:

> Thompson complains that the prosecutor impermissibly examined him on the details of his prior convictions. But the prosecutor's initial statements merely rephrased questions that Thompson's lawyer asked on direct. Defense counsel's direct was well-phrased to take the sting out of the prior conviction for the Allstate fraud. It was not until Thompson denied guilt and attempted to mitigate his conviction that the prosecutor introduced the fake documents and bogus checks that led to Thompson's previous conviction. When a defendant has attempted to "explain away" his prior crimes, the prosecutor may introduce evidence from the prior crime to rebut the inference of innocence.FN2
>
> FN2. United States v. Perry, 857 F.2d 1346, 1352-53 (9th Cir.1988).
>
> On cross, the district court overruled defense counsel's objection to a question about "a number of fraudulently false documents," but Thompson never answered and the prosecutor did not request an answer. Instead, the prosecutor offered a document into evidence and defense counsel said "No objection." Then the prosecutor asked several questions about the document, each without objection, as Thompson tried to deny that he lied in the document despite his conviction. Even if there had been an objection, these questions might nevertheless have been permissible FN3 because this line of questioning bore directly on credibility, not character or propensity. FN4 But there was no objection and no plain error.
>
> FN3. Compare United States v. Rubio, 727 F.2d 786, 797-98 (9th Cir.1983) with United States v. Robinson, 8 F.3d 398, 408-11 (7th Cir.1993).
>
> FN4. See Fed.R.Evid. 608(b), 609(a)(2).

U.S. v. Thompson, 2006 WL 1153784, 178 Fed.Appx. 665, 666 (9th Cir. 2006).

It is difficult to find that the Ninth Circuit's decision on direct appeal does not direct the issues in this § 2255 motion. In any event, the same result obtains here.

\\\\\

In U.S. v. Perry, supra, the Ninth Circuit cited three cases standing for the proposition that when a defendant attempts to explain away his prior conviction, he may be cross-examined regarding the relevant circumstances of that prior offense: United States v. Amahia, 825 F.2d 177, 180 (8th Cir.1987); United States v. Barnes, 622 F.2d 107, 109 (5th Cir.1980); United States v. Wolf, 561 F.2d 1376, 1381 (10th Cir.1977). In Wolf, the Tenth Circuit stated, in relevant part,

> A different situation is presented when an accused, on direct examination, attempts to explain away the effect of the conviction or to minimize his guilt. In such cases the defendant may be cross-examined on any facts which are relevant to the direct examination. Martin v. United States, supra. As was said in Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958), quoting from Fitzpatrick v. United States, 178 U.S. 304, 20 S.Ct. 944, 44 L.Ed. 1078 (1900): "(H)e has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts." The cross-examination was sufficiently relevant to the direct testimony of Wolf as to preclude any error.

561 F.2d at 1381-1382.

In United States v. Robinson, 8 F.3d 398, 410 (7th Cir. 1993), also cited by the Ninth Circuit, the Seventh Circuit stated that when a defendant tries to explain away his prior conviction, the prosecutor is permitted to delve into the details of the prior conviction. The Seven Circuit went on to state that "[h]owever, even if the defendant 'opens the door,' we do not believe that the prosecutor is entitled to 'harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous one.'" 8 F.3d at 410 (citation omitted). The Seventh Circuit found that in Robinson, the prosecutor's cross-examination was improper "[m]ore importantly" because the defendant never "opened the door." Id.

In the instant case, as found by the Ninth Circuit, movant opened the door to the admission of the at-issue exhibits by attempting to explain away his prior convictions. This court does not find that admission of the exhibits resulted in an improper "harping" on the prior convictions or otherwise improperly paraded the prior convictions before the jury. For these

7

reasons, admission of these exhibits did not violate Fed. R. Evid. 609(a).

As found by the Ninth Circuit, the prosecutor's cross-examination regarding the prior convictions bore directly on credibility, not character or propensity. For this reason, admission of the exhibits did not violate Fed. R. Evid. 404(b).

Because admission of the exhibits violated neither Rule 609(a) nor 404(b), any objection by trial counsel to their admission on these grounds would have been denied. For this reason, the court does not find that counsel acted unreasonably in failing to make objections on these grounds.

In the pending motion, movant also argues that the fact the first jury was unable to reach a verdict concerning the counts on which he was tried in the second trial demonstrates that the government's case against him was not overwhelming. For this reason, movant argues that the hung jury in the first trial signifies that a finding of a lack of prejudice as a result of counsel's deficient performance in the second trial is inappropriate.

Although the evidence against petitioner in the second trial was obviously not weak, the court need not reach the issue of prejudice because it finds that with respect to the first prong of the Strickland test, counsel acted reasonably.

For the reasons discussed above, the court recommends that movant's motion be denied.

IT IS HEREBY RECOMMENDED that:

1. Movant's March 19, 2008, motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (no. 152) be denied; and

2. The clerk of the court be directed to close the companion civil case No. CIV S-08-1297.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 12, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

thom26.257