1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11              Respondent,                      No. CR S-01-0026 JAM GGH P

12        vs.

13   BRIAN K. THOMPSON,

14              Movant.                          ORDER

15   _____/

16         Presently before the court is movant's motion to modify restitution order, filed

17   November 17, 2008.[1]  The court has reviewed the moving papers, opposition and reply, and finds

18   that further information is necessary before a final order can be issued.

19         Movant seeks to modify the amount taken out of his inmate trust account based on

20   changed circumstances.[2]  He contends that he is currently obligated to pay $116 per quarter

21   towards a restitution order in the amount of $266,500.  Since he entered into the Inmate Financial

22

23

24   [1]  This matter was referred to the undersigned by minute order, filed December 19, 2008,
     citing E.D. Local Rule 72-302.

25   [2]  Under the Mandatory Victims Restitution Act, "defendant shall notify the court and the
     Attorney General of any material change in the defendant's circumstances that might affect the
26   defendant's ability to pay restitution."  18 U.S.C. § 3664(k).  The district court is ultimately
     responsible for setting a restitution schedule and may play a continuing role in the repayment
     schedule.  United States v. Lemoine, 546 F.3d 1042, 1048, 1050 (9th Cir. 2008).

1  Responsibility Program ("IFRP") under what he terms "coerced participation"[3] by the prison

2  around September 18, 2008, he contends that the amount of deposits into his account have been

3  substantially reduced.  Two events alleged by movant which constitute material changes are his

4  divorce in 2004, and a prison transfer in March, 2008, which resulted in a decrease in prison pay

5  level from Grade I to Grade IV and resulting prison pay decrease from $192 per month at

6  Lompoc to $12 to $16 per month in South Dakota.

7       The government responded that these changed circumstances occurred six months

8  or more prior to the time movant entered into the IFRP agreement which was calculated based on

9  deposits into his inmate trust account for the preceding six months, March through August, 2008.

10  The divorce occurred four years prior to this time, and the prison transfer occurred six months

11  prior to the agreement.

12       In response to the government's opposition, movant filed a reply which states that

13  since September, 2008, the deposits into his inmate trust account have been significantly reduced

14  due to the termination of deposits into his account since that time by both his ex-wife and his

15  mother, based on financial hardships they are both experiencing.  Based on these representations,

16  movant's more recent inmate trust account statements will have to be reviewed before the court

17  can issue a final order.

18       Good cause appearing, IT IS HEREBY ORDERED that within thirty days of this

19  order, the government shall submit movant's inmate trust account statements reflecting deposits

20  for the period from September, 2008 to the present.

21  DATED: June 2, 2009

22

23                                /s/ Gregory G. Hollows

24                                _____
                                  GREGORY G. HOLLOWS
25                                UNITED STATES MAGISTRATE JUDGE

26  GGH:076/Thompson0026.rest.wpd

_____

[3]  This argument and others will be addressed in a final order.