IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                      No. CR S-01-0026 JAM GGH P

    vs.

BRIAN K. THOMPSON,

    Movant.                         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Presently before the court is movant's motion to modify restitution order, filed November 17, 2008.[1] The court has now reviewed the moving papers, opposition, reply, and movant's most recent inmate trust account statements, as supplied by the United States in response to this court's order of June 3, 2009.

        Movant seeks to modify the dollar amount taken out of his inmate trust account based on changed circumstances. He contends that he is currently obligated to pay $116 per quarter towards a restitution order in the amount of $266,500. Since he entered into the Inmate Financial Responsibility Program ("IFRP") in September, 2008, movant contends that the amount of deposits into his inmate trust account has been substantially reduced. Movant's reply states that since September, 2008, both his ex-wife and his mother have terminated deposits into his account based on financial hardships they are both experiencing.

---

[1] This matter was referred to the undersigned by minute order, filed December 19, 2008, citing E.D. Local Rule 72-302.

Under the Mandatory Victims Restitution Act, "defendant shall notify the court and the Attorney General of any material change in the defendant's circumstances that might affect the defendant's ability to pay restitution." 18 U.S.C. § 3664(k). The district court is ultimately responsible for setting a restitution schedule and may play a continuing role in the repayment schedule. United States v. Lemoine, 546 F.3d 1042, 1048, 1050 (9th Cir. 2008).

The court has now reviewed movant's more recent inmate trust account statements, and it appears that the prison has reduced his payments significantly since he filed the instant motion. According to a declaration by Rita Butler, case manager at Federal Prison Camp in Yankton, South Dakota, plaintiff's current agreed payment is $29 per quarter, decreased from the $116 per quarter that plaintiff was paying as of December 8, 2008, around the time he filed this motion.

Accordingly, IT IS RECOMMENDED that movant's November 17, 2008 motion to modify restitution order (dkt. # 163) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/24/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Thompson0026.ord